UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JAMES MARTIN WITZENBURG,

        Plaintiff,                              CV-05-4827 (SJF)(AKT)

    -against-                          **OPINION & ORDER**

CHARLES HERMAN JURGENS, individually and
as Executor of the Estate of Louise Jurgens,

        Defendant.
----------------------------------------X

FEUERSTEIN, J.

Before the Court are objections by plaintiff to a Report and Recommendation of United States Magistrate Judge A. Kathleen Tomlinson dated March 16, 2009 ("the Report") that recommends: (1) granting defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismissing plaintiff's amended complaint in its entirety; (2) denying plaintiff's motion to amend the amended complaint to add Patrick McCarthy, Esq. as a defendant; and (3) denying plaintiff's motion to compel discovery responses and to impose sanctions upon defendant. For the reasons stated herein, the Report of Magistrate Judge Tomlinson is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely

1

objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See, Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005); Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

Plaintiff contends that Magistrate Judge Tomlinson erred, *inter alia*, in: (1) not understanding that he is a "double first cousin once removed," to the decedent Louise Jurgens ("decedent"), (Plaintiff's Opposition to Report and Recommendation [Plf. Obj.], ¶ 1); (2) finding that the purported false will was filed in New York Surrogate's Court, as opposed to New York Supreme Court, (Plf. Obj., ¶ 2); (3) finding that plaintiff moved to Texas on or about April 17, 2002, when he actually moved on August 22, 2003, (id.); (4) failing to recognize that he was willing to be deposed in Texas, or by remote means, but not in New York because he has a "genuine fear for his safety [which] precluded [his] attendance in New York," (Plf. Obj., ¶ 3); (5) assuming that he had access to the records of the Suffolk County Supreme Court and received a

copy of the final accounting, (Plf. Obj., ¶¶ 4, 11); (6) failing to recognize that he "moved in Federal court [for relief from the final accounting] as soon as [he] could," (Plf. Obj., ¶ 5); (7) finding that defendant did not breach his fiduciary obligation to decedent's estate notwithstanding (a) that defendant did not require McCarthy, the guardian of decedent's property, to reconcile his final account with the inventory of assets prepared by defendant, which showed a monetary difference in excess of eight hundred thousand dollars ($800,000.00), and (b) that defendant did not account for and identify "the properties returned to the Estate from Federated Securities," (Plf. Obj., ¶¶ 6-8, 11); (8) finding that defendant "pays for the various law suits and the proceedings in which the estate is involved," (Plf. Obj., ¶ 7); (9) discounting the "Jurgens Conspiracy" theory he asserts in his amended complaint, (Plf. Obj., ¶ 9); (10) finding that because defendant had no authority to oversee or supervise McCarthy, as decedent's property guardian, he had a right to abandon his fiduciary duty to account for and locate assets of the estate, (Plf. Obj., ¶ 10); and (11) "rendering [her] decision on facts which are not proven, not evidence in this case and beyond the power of [the] court to consider under the doctrine of judicial notice but on figments of the Courts [sic] imagination," (Plf. Obj., ¶ 13).

Upon *de novo* review of the Report and consideration of plaintiff's objections and defendant's response thereto, plaintiff's objections are overruled and the Report is accepted in its entirety as an order of the Court.[1]

---

[1] Plaintiff has not objected to the branches of Magistrate Judge Tomlinson's Report as recommended denying his motions to amend the amended complaint and to compel discovery responses or impose sanctions. Upon review of those branches of the Report, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts those branches of the Report.

II. Conclusion

Upon *de novo* review of the Report, plaintiff's objections are overruled, the Report is accepted in its entirety, defendant's motion for summary judgment is granted and the amended complaint is dismissed in its entirety with prejudice. Plaintiff's motions to amend the amended complaint and to compel discovery responses or to impose sanctions are denied. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff and to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 14, 2009
Central Islip, New York

Copies to:

James Martin Witzenburg, *pro se*
P.O. Box 215
Kemah, TX 77565-9998
League City, TX 77573

Michael Craig Schmidt, Esq.
Cozen O'Connor
909 Third Avenue
New York, NY 10022